Tamara EVANS, Plaintiff—Appellant,

v.

John DOTSON, Defendant,

and

City of Sparks; Sue Utterback Defendants—Appellees.

Tamara Evans, Plaintiff—Appellee,

v.

John Dotson; Sue Utterback, Defendants,

and

City of Sparks, Defendant—Appellant.

Nos. 02–15343, 02–15453.
D.C. No. CV–99–00066–RAM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2003.

Decided April 11, 2003.

Before B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

### MEMORANDUM *

 Plaintiff–Appellant Tamara Evans appeals the district court's dismissal of her equal protection claims, raised under 42 U.S.C. § 1983, pursuant to the defendants' Rule 50(a) motion at the close of her case. She also appeals the district court's refusal to instruct the jury on her claim of coworker retaliation. Defendant–Appellee City of Sparks cross-appeals the district court's award of interim attorney's fees pursuant to 42 U.S.C. § 1988. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This case is a disturbing one. The outcome reached in the district court and in this court should not be taken as an endorsement of the procedures of the City of Sparks or its police department.

Evans's § 1983 claim against City Human Resources Director Sue Utterback fails because Evans introduced no substantial evidence at trial that could persuade a reasonable juror that Utterback was motivated by gender bias. In the course of her investigation into Evans's complaint, Utterback failed to interview even a single alleged harasser. She simply concluded, in a two-page report, that no sexual harassment had occurred because, even though the officers made crude and sexually derogatory comments about Evans, Evans was not in the room at the time.

The question is not whether, as the trial judge correctly observed, "there's abundant evidence that a jury could conclude that [Ms. Utterback's investigation] was woefully inadequate." The question, rather, is whether there is evidence that the conduct was motivated by sexual bias on the part of the City's Human Resources Director. Utterback was not a part of the Sparks Police Department, nor was her salary paid by the Department. However deficient Utterback's investigation of Evans's claims was, there is no evidence in the record that Utterback was biased against women or against sexual harassment claimants, or that she felt a need to dismiss sexual harassment claims in order to remain in the Police Department's good graces. Moreover, there is no evidence that, insofar as Utterback's investigation of *Evans's* claim was deficient, it was so because of gender bias—a fact that distinguishes this case from *Fuller v. City of Oakland,* 47 F.3d 1522 (9th Cir.1995).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Evans's § 1983 claim against the City of Sparks fails for similar reasons. Utterback herself was not delegated policymaking authority. Although City Manager Terry Reynolds did have policymaking authority, he is not a member of the Sparks Police Department, and Evans did not introduce any evidence to suggest that Reynolds ever approved Utterback's report, let alone because of his gender bias. Even if failure to take action under some circumstances could amount to ratification, dismissal of Evans's § 1983 claim against the City was nonetheless appropriate because there was no legally sufficient evidentiary basis for a jury to conclude that Reynolds failed to take action on the basis of gender bias.

As to Evans's claim that the district court erred in failing to instruct the jury on her theory of coworker retaliation, we review the district court's formulation of civil jury instructions—so long as they do not involve an error of law—for an abuse of discretion. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 858 (9th Cir.2002) (en banc). Moreover, even where such error is found, harmless error review applies. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir.2001), *cert. denied*, 535 U.S. 1018, 122 S.Ct. 1609, 152 L.Ed.2d 623 (2002). Here, even if the district court did err in failing to instruct the jury on coworker retaliation, we find that any such error, in light of the evidence before the jury and the verdict on every issue on which it *was* instructed, was harmless.

Finally, as to the City's cross-appeal, we review awards of attorney's fees for an abuse of discretion. *See Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1200 (9th Cir.2002). Here, we cannot conclude that the district court abused its discretion in determining that, at the preliminary injunction stage, Evans was a "prevailing party" within the meaning of 42 U.S.C. § 1988.

Accordingly, we affirm the dismissal of Evans's § 1983 gender-bias claims against Utterback and the City. Insofar as the district court erred in failing to adopt Evans's requested instruction on coworker retaliation, the error was harmless.

On the cross-appeal, we affirm the interim award of attorney's fees to Evans. Evans shall recover her attorney's fees for defending her fee award on appeal. The case is referred to the Appellate Commissioner, who is authorized to determine and award the appropriate amount upon receipt of a timely application.

AFFIRMED.